UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MY DAILY CHOICE, INC., | Case No.: 2:20-cv-00809-APG-DJA |
| Plaintiff | **Order Granting Defendants' Motion to Dismiss** |
| v. | [ECF No. 12] |
| SHANNA LEE HUNTER, et al., | |
| Defendants | |

Plaintiff My Daily Choice, Inc. (MDC) is a business that sells hemp-derived products through a network of affiliates. It sued two of its former affiliates (Shanna Lee Hunter and Summer Giaquinta) asserting claims for breach of contract, breach of the implied covenant of good faith and fair dealing, misappropriation of trade secrets, and tortious interference with a contract. I previously denied MDC's motion for an injunction and the defendants' motion to dismiss for lack of personal jurisdiction. I now address the defendants' motion to dismiss for failure to state a claim. The parties are familiar with the facts, so I repeat them here only when necessary to resolve the motion. The complaint does not provide sufficient details to plausibly assert the claims. I therefore grant the motion to dismiss, and grant MDC leave to amend its complaint.

In considering a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the non-moving party." *Wyler Summit P'ship v. Turner Broad. Sys., Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, I do not assume the truth of legal conclusions merely because they are cast in the form of factual allegations. *See Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). A plaintiff must make sufficient factual allegations to establish a plausible entitlement to relief. *Bell Atl. Corp. v. Twombly*, 550

U.S. 544, 556 (2007). Such allegations must amount to "more than labels and conclusions, [or] a formulaic recitation of the elements of a cause of action." *Id.* at 555. If I dismiss the complaint, I should grant leave to amend even if no request to amend is made "unless [I] determine[] that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000) (quotation omitted).

The defendants argue that the complaint does not differentiate among them or specify which allegations pertain to which defendant, in violation of Federal Rule of Civil Procedure 8. ECF No. 12 at 12-13. MDC responds that the complaint satisfies Rule 8(a)(2)'s pleading standards because the defendants are alleged to have the same contractual relationship with MDC and to have taken the same actions in violation of that contract. ECF No. 20 at 8. MDC argues that it presented specific evidence against each defendant in its motion for preliminary injunction, but that such specificity is not required at the pleading stage. *Id.*

Rule 8(a)(2) requires that the allegations in the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (quotation omitted). MDC has not done so here. The complaint alleges that each of the defendants enrolled as MDC affiliates and agreed to MDC's affiliate agreement and Policies and Procedures. ECF No. 2-1 at 8. It alleges the defendants were both high-ranking affiliates with access to confidential information. *Id.* And it alleges the defendants joined Bio-Reigns and engaged in conduct that breached the terms of their contracts with MDC. *Id.* at 8-9. MDC has plausibly alleged the existence of a contract and that the defendants had access to MDC's confidential information.

However, the complaint provides no factual allegations to plausibly assert that the defendants breached their contracts, misappropriated trade secrets, or tortuously interfered with a

contract. Neither Hunter nor Giaquinta could read the complaint and determine what actions she took that allegedly make her liable to MDC. For example, there are no facts to support that Hunter made disparaging comments because MDC does not allege when this conduct is alleged to have taken place, what was said, and what platform Hunter used to say it. Similarly, MDC alleges the defendants have misappropriated trade secrets, but provides no information on what information is being disclosed, to whom, by whom, or for what purpose. MDC's general and conclusory allegations that are undifferentiated by defendant are insufficient to establish a plausible entitlement to relief.

MDC is likely able to correct these deficiencies. Accordingly, I dismiss the complaint without prejudice, and grant MDC leave to file an amended complaint.

I THEREFORE ORDER that defendants Shanna Lee Hunter and Summer Giaquinta's motion to dismiss **(ECF No. 12) is GRANTED.** Plaintiff My Daily Choice, Inc. may file an amended complaint by **August 21, 2020**. If no amended complaint is timely filed, this case will be closed.

DATED this 30th day of July, 2020.

ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE

3